IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHADWICK EDWARD COCHRAN, <br><br> Plaintiff, <br><br> vs. <br><br> CHIEF SCOTT NEWELL, MIKE GAVIGAN, BRIAN GOOTKIN, DIANE COPELAND, SUZANNE, GALLATIN COUNTY JAIL, GALLATIN COUNTY SHERIFF'S OFFICE; <br><br> Defendants. | CV 17-56-BU-BMM-JCL <br><br><br> ORDER, and FINDINGS AND RECOMMENDATION |

Plaintiff Chadwick Cochran, appearing pro se, commenced this action with his complaint and his motion for leave to proceed in forma pauperis. The Court granted Cochran's motion pursuant to 28 U.S.C. § 1915(a)(1).

Because Cochran is proceeding in forma pauperis, section 1915 requires the Court to conduct a preliminary screening of the allegations set forth in his pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–

1

> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Cochran's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## I. Plaintiff's Allegations

On April 13, 2017, Cochran was driving his vehicle near West Yellowstone, Montana. He states that on several occasions a person driving a white mini van would approach him from behind, flash the headlights, and force Cochran to pull over and get out of the way. On the third time the white mini van approached from behind and passed, Defendant Scott Newell – Chief of the West Yellowstone police department – who was behind the mini van activated his patrol car lights and pulled Cochran over for speeding. Cochran contends that at the time Newell was outside of his jurisdiction.

Defendant Mike Gavigan, a Gallatin County Sheriff's Deputy, arrived at the scene and issued Cochran a speeding ticket. Cochran states he later learned that

Gavigan was the person driving the white mini van "pushing" Cochran on the highway. Cochran was placed under arrest, and Newell drove Cochran to West Yellowstone for an interview. Then Gavigan transported him to the Gallatin County Jail. Cochran asserts the events constituted an illegal entrapment, and unlawful seizure and arrest.

Cochran also alleges Newell stopped him on the highway for improper/invalid reasons. Newell informed Cochran that the traffic stop was due to Cochran's friendship with David Herman, an individual to which Newell apparently harbored ill will. According to Cochran, Newell explained to Cochran that he stopped Cochran due to his connection with Herman.

Upon his arrival at the Gallatin County Jail on April 13, 2017, Cochran alleges he informed staff that he needed his various prescribed mental health medications but was refused them. Cochran states that on April 15, 2017, he began to experience withdrawals and "an anxiety attack and mental breakdown." (Doc. 2 at 3.) He states he slammed his head into the cell door until he was covered in blood. He was unable to sleep and function normally.

Cochran claims he notified Defendant Suzanne – the mental health director at the jail – about his situation. Suzanne informed him she would take care of the problem but did not. Cochran was in the Gallatin County Jail from April 13 to

3

April 19, 2017.

Cochran next complains about the process of the criminal matters he faced while in jail. He states he was arrested on a warrant issued in Georgia and taken to the Gallatin County Jail. His defense attorney, Defendant Diane Copeland, informed him he would be released on bail if he pled guilty to the speeding ticket and paid the fine. Cochran posted a bond for his release, and was given until May 12, 2017, to appear in court in Georgia on the Georgia arrest warrant. The jail staff informed him he would not be arrested on the Georgia warrant while he traveled to Georgia.

Cochran was released on April 19, 2017, and he left Montana to go to Georgia. On April 21, 2017, while traveling through Idaho, he was arrested on the Georgia arrest warrant. Consequently, he alleges Defendant Sheriff Brian Gootkin and the Gallatin County Sheriff's Office violated his civil rights by "[t]aking [his] money and causing [him] injury, psychologically and mentally." (Doc. 2 at 4.) He apparently claims that Copeland and Gootkin mislead him about his bond, release, and whether the Georgia warrant could still subject him to arrest.

## II.   Discussion

Because Cochran is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal

4

pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. **42 U.S.C. § 1983**

Cochran's complaint asserts that his claims arise from alleged violations of his civil rights protected under the United States Constitution which are cognizable under 42 U.S.C. § 1983, thereby invoking the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Section 1983 permits claims under federal law against a local governmental entity, or a state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). All of Cochran's claims must be analyzed from this basic framework.

## B. April 13, 2017 Traffic Stop

Cochran complains about the circumstances surrounding Newell's conduct in stopping him for speeding on April 13, 2017. But under the Fourth Amendment to the United States Constitution, a law enforcement officer may lawfully execute a traffic stop based upon probable cause to believe an individual was committing a traffic offense, such as speeding in violation of Mont. Code Ann. § 61-8-303; *Whren v. United States*, 517 U.S. 806, 810 (1996). *See also Brendlin v. California*, 551 U.S. 249, 251 (2007). Cochran does not claim he was not speeding and, therefore, he does not allege that probable cause did not exist for the stop.

Additionally, a claim asserting that a law enforcement officer unlawfully arrested a person "is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause[.]" *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)). Again, to the extent Cochran alleges Newell and Gavigan may have unlawfully arrested him, his claim fails because his allegations establish he was arrested for speeding, and Cochrane does not suggest probable cause did not exist to support a conclusion that he was speeding.

Instead, Cochran complains that Newell made the traffic stop for an unlawful reason. Newell allegedly stopped Cochran because Cochran was friends with Dave Herman. But where probable cause exists to effect a traffic stop, an officer's subjective intent relative to the stop does not strip the officer of the probable cause and the lawful authority that exists for the stop under the Fourth Amendment. *Whren*, 517 U.S. at 813-14; *United States v. Michael R.*, 90 F.3d 340, 347 (9th Cir. 1996).

Therefore, Cochran's claims against Newell and Gavigan regarding the traffic stop and his arrest fail to state claims upon which relief can be granted. The claims should be dismissed.

### C. **Medical Care - Fourteenth Amendment Standards**

With respect to Cochran's claims regarding the deprivation of his mental health medications, the Court assumes, without deciding, that he was incarcerated at the Gallatin County Jail as a pretrial detainee. A pretrial detainee's rights relative to conditions of confinement and medical care are addressed under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). But regardless of whether Cochran was a pretrial detainee or a convicted prisoner at

the time, prison officials and jailers are required to provide inmates with constitutionally adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The medical standards of care imposed under the Eighth Amendment provide the minimum standards applicable to a jailer's obligation to provide medical care to a pretrial detainee. *Oregon Advocacy Center*, 322 F.3d at 1120. But those minimum standards have been augmented by recent decisional law in the field of pretrial detainees' Fourteenth Amendment rights advanced in claims under 42 U.S.C. § 1983. In accordance with *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466 (2015) and *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)[1], a pretrial detainee's Fourteenth Amendment claim for the denial of medical treatment must be supported by allegations which plausibly demonstrate that:

> (1) The plaintiff made a request for medical care; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or

---

[1]In *Kingsley*, the Supreme Court concluded that the Eighth Amendment's subjective standard which takes into account the defendant's actual knowledge and state of mind is not applicable to a pretrial detainee's claim for excessive force under the Fourteenth Amendment. *Castro*, 833 F.3d at 1068-69. Instead, a pretrial detainee's Fourteenth Amendment claim need only establish that the defendant's conduct "was objectively unreasonable" (*Kingsley*, 135 S. Ct. at 2473), a standard that is something "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Guerra v. Sweeny*, 2016 WL 5404407, *3 (E.D. Cal. 2016).

Cochran's bare allegations do not address the necessary elements a viable claim for the denial of medical care. The only specific individual Cochran identifies and names as a Defendant in this action relative to the deprivation of his medications is the one person who actually sought to help Cochran. He alleges Defendant Suzanne told Cochran she would work on the situation to get his medications provided to him, but that for unexplained reasons she did not do so. Thus, Cochran's allegations against Suzanne actually suggest she attempted to take reasonable steps to obtain or provide medical care for him. Cochrane does present any allegations suggesting Suzanne refused or deliberately failed to take reasonable steps. He merely alleges she was unable to follow through with what she told him she would do. But his allegations do not state that Suzanne failed to take reasonable steps. Therefore, Cochran's medical care claims are subject to dismissal.

Additionally, although Cochran was apparently without his medications for six days, his allegations do not substantiate any alleged degree of substantial harm he sustained as a result of the deprivation of, or delay in obtaining, his

medications. A mere delay in treatment, without more, is insufficient to state a claim of deliberate medical indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A plaintiff must show that a delay was harmful, i.e., that the delay caused him a "tangible residual injury." *Stiltner v. Rhay*, 371 F.2d 420, 421 n.3 (9th Cir. 1967). Cochran makes no allegation of a tangible residual injury from any delay in obtaining his medications. Thus, as pled, his allegations fail to allege sufficient facts to establish a denial of medical care at the jail.

But in view of Cochran's pro se status the Court will afford him an opportunity to amend his allegations. Cochran must truthfully present factual allegations which plausibly suggest he sustained an actual injury, and that Suzanne engaged in conduct that violated his rights under the Fourteenth Amendment under the elements discussed above.

### D. Arrest on April 21, 2017 – Defendants Copeland and Gootkin

Cochran states he was arrested by a law enforcement officer in Idaho after being release on bond in Gallatin County, Montana. His allegations suggest that he was arrested on the warrant issued in Georgia despite being told by Copeland and others that the Georgia arrest warrant would not be enforced against him while he traveled to Georgia. Therefore, he suggests Copeland and Sheriff Gootkin are

liable for taking his bond money and telling him he would not be arrested, yet the law enforcement officer in Idaho arrested him nonetheless. But for the reasons discussed, Cochran's allegations against Copeland and Gootkin are deficient and subject to dismissal.

Cochran does not allege that either Copeland or Gootkin violated his constitutional rights. A claim under 42 U.S.C. § 1983 against an individual defendant requires factual allegations demonstrating that the individual defendant personally participated in, and was integrally involved in the alleged unlawful conduct. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008). For liability to exist an individual must be an actual and integral participant as opposed to a mere bystander; each individual's liability must be based on his or her own conduct. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996). The individual's own conduct must have caused a constitutional deprivation. The focus is on the specific facts of each individual's personal acts or omissions, and the direct causal connection between those acts and the constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

Cochran's allegations, in substance, merely assert that the law enforcement officer in Idaho unlawfully arrested him despite being told by Copeland or Gootkin that he would not be arrested on the Georgia warrant. Cochran does not

11

allege any facts which suggest Copeland or Gootkin were involved in Cochran's arrest in Idaho – he does not allege they engaged in an act which violated his rights. These Defendants should be dismissed.

### E. Gallatin County Jail and Gallatin County Sheriff's Office

Cochran names the Gallatin County Jail and the Gallatin County Sheriff's Office as Defendants, but the jail and sheriff's office are not entities capable of being sued. In Montana, a jail or detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7-32-2120(1). A jail or detention facility is merely a building that cannot be sued. *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448 (D. Mont. 2008). Thus, to the extent Cochran identifies the Gallatin County Jail as an independent Defendant, it is subject to dismissal.

With respect to the Gallatin County Sheriff's Office, for the reasons discussed, the Court finds it is a departmental subunit of Gallatin County lacking the capacity to be sued.

In general, pursuant to Fed. R. Civ. P. 17(b), a particular defendant's capacity to be sued in federal court is determined by the law of the state where the court is located. *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir.

2001). Thus, the Court looks to Montana law to determine whether the Sheriff's Office is a viable defendant.

Montana law establishes a statutory structure for subjecting state, county, city, and municipal governmental entities to liability. In specified circumstances "[e]very governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties[.]" Mont. Code Ann. § 2-9-102. For purposes of this liability, a "governmental entity" includes "the state and political subdivisions." Mont. Code Ann. § 2-9-101(3). A "political subdivision", in turn, is "any county, city, municipal corporation, school district, special improvement or taxing district, other political subdivision or public corporation, or any entity created by agreement between two or more political subdivisions." Mont. Code Ann. § 2-9-101(5).

As a "political subdivision" of the State of Montana, Gallatin County may "sue and be sued[.]" Mont. Code Ann. §§ 7-1-2101(1) and 7-1-2103(1).

But the Gallatin County departments, by contrast, are not included within the definitions of a "governmental entity" or a "political subdivision" and, therefore, are not included within the category of entities that are subject to liability under Mont. Code Ann. § 2-9-102. Consequently, only Gallatin County, and not its individual county departments, would be subject to liability for the torts

of its officers and employees within the various departments of the county. Mont. Code Ann. § 2-9-102.

Furthermore, the Gallatin County departments are not separately subject to liability for Cochran's federal claims advanced under 42 U.S.C. § 1983. Section 1983 imposes liability against every "person" as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.

For purposes of liability under section 1983, "municipalities and other local governmental units" are "persons" within the meaning of the statute, and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). But the subunits or departments of those local governmental units are not "persons" "distinct from the government[al unit] at large." *Burkhart v. Knepper*, 310 F. Supp. 2d 734, 738 (W.D. Pa. 2004) (citations and quotations omitted). For purposes of section 1983 liability, those subunits or departments are merely the "vehicle[s] through which the [governmental entity] fulfills its [...] functions." *Id*. Thus, where a subunit or department of a governmental entity has no legal existence separate from the larger governmental entity, it is not a "person" under

14

section 1983, and is subject to dismissal. *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991). *See also Brandon v. Holt*, 469 U.S. 464, 472 (1985) (noting that absent the separate legal existence of a governmental entity's department, a suit against that department is construed as a suit against the governmental entity) (citing *Monell*, 436 U.S. at 690 n.55). A governmental entity's department or subunit is an inappropriate party to a section 1983 action. *Alston v. County of Sacramento*, 2012 WL 2839825, *2 (E.D. Cal. 2012). Section 1983 claims against those departments or subunits are unnecessary as they are duplicative of the claims against the larger governmental entity of which they are a part. *Carroll v. City of Hercules*, 2012 WL 1122019, *2 (N.D. Cal. 2012).

Because the Gallatin County Sheriff's Office does not exist as a governmental entity or political subdivision with the capacity to be sued under Montana law (Mont. Code Ann. §§ 2-9-101(3) and (5) and 2-9-102), it is not a proper defendant with respect to Cochran's section 1983 claims, and it must be dismissed.

### III. <u>Conclusion</u>

For the reasons discussed, IT IS RECOMMENDED that Defendants Newell, Gavigan, Gootkin, Copeland, Gallatin County Jail, and Gallatin County Sheriff's Office be DISMISSED on the basis that Cochran's allegations against

them fail to state any claim upon which relief could be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Cochran may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

As discussed, Cochran's claims against Suzanne, as pled, fail to state a claim for relief under section 1983 because he has not set forth sufficient facts to establish she violated his constitutional rights and is liable. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Cochran is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Although the rules require only a short and plain statement, to establish liability for violations of a plaintiff's civil rights committed by a person acting under color of state law the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff need only write short, plain statements which concisely describe: (1) the federal or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Therefore, IT IS ORDERED that on or before **January 5, 2018,** Cochran shall file an amended complaint. The Clerk of Court is directed to provide him with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Cochran's amended complaint shall set forth a short and plain statement of his claims against each individual defendant showing that he is entitled to relief.

Cochran is cautioned, however, that if he fails to file an amended complaint the Court will recommend that this action be dismissed for the reasons stated in this Order.

At all times during the pendency of this action, Cochran shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Cochran is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 5th day of December, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge