# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| CHADWICK EDWARD COCHRAN, <br><br> Plaintiff, <br><br> vs. <br><br> CHIEF SCOTT NEWELL, MIKE GAVIGAN, BRIAN GOOTKIN, DIANE COPELAND, SUZANNE, GALLATIN COUNTY JAIL, and GALLATIN COUNTY SHERIFF'S OFFICE, <br><br> Defendants. | CV-17-56-BU-BMM-JCL <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Chadwick Cochran filed a Complaint alleging that he was unlawfully stopped on April, 13, 2017, that he did not receive adequate medical care while incarcerated at Gallatin County Jail, and that Defendant Sheriff Brian Gootkin and the Gallatin County Sheriff's Office mislead him regarding his bond, release and a pending Georgia warrant. (Doc. 6 at 2-4).

1

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on November 5, 2017. *Id.* Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I. April 13, 2017 Traffic Stop

Judge Lynch determined that Cochran's allegations regarding the traffic stop and the subsequent arrest fail to state claims upon which relief can be granted. (Doc. 6 at 7.) The Fourth Amendment to the United States Constitution provides that a law enforcement officer lawfully may execute a traffic stop based upon probable cause to believe that an individual committed a traffic offense. *Whren v. United States*, 517 U.S. 806, 810 (1996).

Judge Lynch determined probable cause existed to stop Cochran for speeding in violation of Mont. Code Ann. § 61-8-303. Cochran alleges, however, that Defendant Scott Newell stopped Cochran because of Cochran's friendship with Dave Herman. (Doc. 6 at 7.) Cochran does not deny that he was speeding. *Id.* at 6. Cochran has failed to allege that probable cause did not exist for the stop.

Cochran's claims against Newell and Mike Gavigan shall be dismissed for failure to state a claim upon which relief can be granted.

## II. Arrest on April 21, 2017

Judge Lynch determined that Cochran's allegations against Diane Copeland and Brian Gootkin should be dismissed. (Doc. 6 at 11.) Cochran alleges that a law enforcement officer in Idaho arrested him on a Georgia warrant after having been released on a bond in Gallatin County, Montana. *Id.* at 11. Cochran alleges that that Copeland and others told him that the Georgia arrest warrant would not be enforced against him while he traveled to Georgia. *Id.* at 10.

Judge Lynch determined that Cochran does not allege that either Copeland or Gootkin violated his constitutional rights under 42 U.S.C. § 1983. *Id.* at 11. Judge Lynch further concluded that Cochran's allegations merely assert that the law enforcement officer in Idaho unlawfully arrested him. *Id.* Cochran does not allege any facts to suggest that Copeland or Gootkin were involved in the Idaho arrest. *Id.* Copeland and Gootkin shall be dismissed.

## III. Gallatin County Jail and Gallatin County Sheriff's Office

Judge Lynch determined that Cochran cannot sue Gallatin County Jail and the Gallatin County Sheriff's Office. *Id.* at 12. Judge Lynch determined that a jail

or detention facility constitutes a building that cannot be sued. *See Barnes v. Missoula Cnty. Det. Facility*, 2008 WL 5412448 (D. Mont. 2008).

Judge Lynch further determined that the Gallatin County Sheriff's Office lacks the capacity to be sued as it constitutes a departmental subunit of Gallatin County. *Id.* at 12. Montana law establishes the statutory structure for subjecting state, county, city, and municipal governmental entities to liability. In specific circumstances governmental entities have liability for their torts and employees acting within the scope of their employment. Mont. Code Ann. § 2-9-102. A governmental entity includes "the state and political subdivisions." Mont. Code Ann. § 2-9-101(3). Judge Lynch concluded that Gallatin County Sheriff's department does not fall within the definition of a governmental entity or a political subdivision. (Doc. 6 at 13.)

Judge Lynch determined that only Gallatin County, not its individual county departments, would be subject to liability for the torts of its officers and employees within the various departments of the county. Mont. Code Ann. § 2-9-102. Gallatin County Jail and Gallatin County Sheriff's Office shall be dismissed.

IV. **Conclusion**

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 6), are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendants Newell, Gavigan, Gootkin, Copeland, Gallatin County Jail, and Gallatin County Sheriff's Office shall be **DISMISSED** on the basis that Cochran's allegations fail to state any claim upon which relief could be granted.

DATED this 4th day of January, 2018.

Brian Morris
United States District Court Judge