IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHADWICK EDWARD COCHRAN,<br><br>Plaintiff,<br><br>vs.<br><br>SUZANNE,<br><br>Defendant. | CV-17-56-BU-BMM-JCL<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Plaintiff Chadwick Cochran filed a Complaint alleging that he did not receive adequate medical care while incarcerated at Gallatin County Jail. (Doc. 6 at 2-4). The Court determined that Cochran failed to state a claim upon which relief could be granted against Defendant Suzanne. The Court allowed Cochran, in light of his pro se status, the opportunity to file an amended complaint on or before February 16, 2018. (Doc. 10.) Cochran did not file an amended complaint.

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on March 23, 2018. (Doc. 11.) Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations,

1

however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch determined that Cochran failed to state a claim upon which relief could be granted against Suzanne. (Doc. 6 at 9.) Cochran alleges that he informed the staff, specifically Suzanne, that he needed various prescribed mental health medications. *Id.* at 3. Suzanne informed Cochran she would take care of the problem, but failed to do so. *Id.*

A pretrial detainee's Fourteenth Amendment claim for the denial of medical treatment must be supported by allegations which plausibly demonstrate that: (1) the plaintiff made a request for medical care; (2) the plaintiff had a serious medical need; (3) the defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the likelihood of harm obvious; and (4) by not taking such measures, the defendant cause the plaintiff's injuries. *Guerra v. Sweeny*, 2016 WL 5404407, at *3 (E.D. Cal. 2016).

Judge Lynch determined that Cochran's allegations against Suzanne actually suggest that she attempted to take reasonable steps to obtain or provide medical care for him. Cochran failed to present any allegations suggesting Suzanne refused or deliberately failed to take reasonable steps. Cochran merely alleges that Suzanne

failed to do what she told Cochran she would do. Cochran makes no allegations of a tangible residual injury from any delay in receiving his medications.

The Court gave Cochran the opportunity to amend his allegations and he failed to do so. The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 11), are **ADOPTED IN FULL**.

**IT IS ORDERED** that this matter should be **DISMISSED** for failure to state a federal claim.

**IT IS ORDERED** that the Clerk of Court shall close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Cochran failed to state a claim upon which relief may be granted.

DATED this 19th day of April, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge